UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:06-CR-74-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| | ) | |
| HOWELL WAY WOLTZ | ) | |
| VERNICE CHAITAN WOLTZ | ) | |

This matter is before the court on defendants' motion for reconsideration of the 24 April 2006 detention order. The government filed a response in opposition to the motion, and defendants filed a reply. This matter is ripe for disposition.

By way of pertinent background, defendants were arrested on 18 April 2006. A detention hearing was held before U.S. Magistrate Judge David Keesler on 20 April 2006. Judge Keesler ordered defendants released on bond. That same day, the government moved for revocation of the release orders. On 24 April 2006, the undersigned held a hearing on the government's motion, revoked the release orders, and ordered defendants detained pending trial based on defendants' risk of flight.

Defendants first contend that it is appropriate for the court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). That statute provides in relevant part that a detention "hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required . . . ." 18 U.S.C. § 3142(f). The issue here is whether the information defendants request

that the court now consider was known to defendants at the time of the court's 24 April hearing. Defendants argue that they have since learned that certain information the government presented at the hearing was "either inaccurate, incomplete, or misleading without additional context." (Mot. at 1.) Defendants ask the court to consider the following: (1) defendants are not permanent residents of the Bahamas and may not work there; (2) defendants are prepared to waive their extradition rights as a condition of release; (3) Bahamian extradition law and the U.S.-Bahamas Extradition Treaty would permit extradition of defendants on all charged offenses except tax conspiracy; (4) the Bahamian and Anguillan governments have essentially shut down the operations of various business entities with which defendants were involved; (5) defendant Howell Woltz has not maintained his flight credentials to pilot an airplane since 1988; and, (6) defendants have numerous ties to the United States. (Id. at 4-8.) With the exception of (4), all of this information was available to defendants at the time of the 24 April hearing and reopening the hearing is not warranted. See United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (holding it was not error for district court not to reopen detention hearing because information contained in affidavits and letters was available at time of detention hearing). Even so, considering the merits, the court concludes there is no reason to disturb its earlier ruling.

Defendants also contend that the court has the power to order their release upon a proper showing that their continued detention would be inappropriate, citing 18 U.S.C. § 3145(c). (Mot. at 4.) Section 3145(c) provides that a person subject to detention pending sentence or appeal and who meets certain conditions of release may be released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Of course, defendants have not yet been found guilty and are not awaiting sentencing nor filed an appeal, and therefore,

2

§ 3145(c) would not be applicable on that basis alone. Even assuming the provision was applicable, the reasons defendants advance, i.e., to care for their minor children and to assist counsel in preparation of their defenses, (Mot. at 10), are not exceptional, see United States v. Clark, No. 2:02CR10104, 2003 WL 60478, *2 (W.D. Va. Jan. 7, 2003) ("While the statue does not define 'exceptional reasons,' it has been held to mean a 'unique combination of circumstances giving rise to situations that are out of the ordinary.'" (citation omitted).); United States v. Mahabir, 858 F. Supp. 504, 508 (D. Md. 1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c)." (citations omitted).). Defendants' motion for reconsideration is DENIED.

To address defendants' concerns with their ability to prepare their defenses, pursuant to 18 U.S.C. § 3142(i)(3), it is hereby ORDERED that defendants be afforded reasonable opportunity for private consultation with defense counsel. Defendants are free to move for temporary release if necessary for the preparation of their defenses. See 18 U.S.C. § 3142(i).

This 4 January 2007.

                                          W. Earl Britt
                                          Senior U.S. District Judge