**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:06CR74**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HOWELL WAY WOLTZ ) | |

**THIS MATTER IS BEFORE THE COURT** pursuant to the letter dated August 8, 2008 from the *pro se* Defendant, Howell Way Woltz, to the Clerk. This letter, in which the Defendant requests copies of certain transcripts and other materials, was docketed as a motion (Document No. 285) and filed with the Court August 13, 2008. For the reasons stated below, the Defendant's motion is hereby **DENIED WITHOUT PREJUDICE**.

The Defendant in this matter, Howell Way Woltz, was originally indicted by the Grand Jury in the United States District Court for the Western District of North Carolina on April 4, 2006 (Document No. 3). The Defendant, who was then represented by counsel, filed a Plea Agreement with the government on January 29, 2007 (Document No. 165). In the Plea Agreement, the Defendant waived his appeal and post-conviction rights, except for claims of ineffective assistance of counsel and prosecutorial misconduct. On February 6, 2007, the Defendant entered his guilty plea pursuant to that Plea Agreement before U.S. District Judge W. Earl Britt (Document No. 169). The Defendant was sentenced before Judge Britt on October 1, 2007, and the judgment of the Court (Document No. 272) was filed October 15, 2007. The Defendant's criminal case before the United

States District Court for the Western District of North Carolina is now closed. The Defendant took no direct appeal to the United States Court of Appeals for the Fourth Circuit, and he has not yet filed a 2255 action.

In this letter, the Defendant cites *United States v. Huggins,* 191 F.3d 532 (4th Cir. 1999), in support of his request for copies of transcripts and other materials. In *Huggins*, the defendant's case was on direct appeal to the Fourth Circuit following his conviction on federal drug charges. *Id*. In part, the defendant was seeking a new trial on the basis that the transcript of the trial was allegedly incomplete in that it was inaccurate and contained omissions. *Id*. Acknowledging that the defendant had a right to a meaningful direct appeal based on a complete transcript, the Court declined on those facts to order a new trial based on a lack of any prejudice. *Id.*

This matter is quite different. Here, Mr. Woltz seeks to have the Court provide him with free copies of the transcripts from a number of different proceedings in his closed case, including a bond hearing, a bond revocation hearing, a plea and rule 11 hearing, three separate sentencing hearings, and a status of counsel hearing. As stated, the Defendant took no direct appeal to the United States Court of Appeals for the Fourth Circuit, and he has not yet filed a 2255 action. There is literally no pending action at this time. In support of his letter request, the Defendant offers no explanation for why he needs the requested transcripts and other materials. In order to obtain free copies of transcripts, the Defendant must show that he is indigent; and that the transcripts "are needed to decide the issue presented by the suit . . .". 28 U.S.C. § 753(f). Indeed, a prisoner is not entitled to a free transcript without a showing of need, merely to comb the record in hopes of discovering some flaw. *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

In summary, then, the Defendant has not established that he is indigent. He has also not specified any issue for which he believes copies of the requested transcripts are necessary. The

Court does note that the Clerk has provided a copy of the docket sheet for the case, as requested by the Defendant. On this record, the Defendant's motion must be denied.

**IT IS THEREFORE ORDERED** that the Defendant's letter motion (Document No. 285) is hereby **DENIED**, but without prejudice to the Defendant's ability to make a future request with an appropriate basis.

Signed: September 11, 2008

David C. Keesler
United States Magistrate Judge